**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Michele Colditz, Hector Rivera, and John Doe,
Defendants,

Of whom Michele Colditz is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-000025

———————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-333
Submitted December 2, 2020 – Filed December 4, 2020

———————

**REVERSED AND REMANDED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Andrew Troy Potter, of Anderson, for Respondent.

Robert A. Clark, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Michelle Colditz (Mother) appeals an order terminating her parental rights to her minor children (Child 1 and Child 2). On appeal, Mother argues the family court erred in finding termination of parental rights (TPR) was in the children's best interest.[1] We reverse and remand for a new permanency planning hearing.

"On appeal from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Based on the relationship the children have with Mother, Mother's willingness and desire to stay a part of her children's lives, the ages of the children, and the children's reluctance to be adopted, we find TPR is not in the best interest of the children at this time. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2019) (providing the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the best interest of the children); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Serv. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

Mother visited both children regularly, she had not missed a visit, she provided things for the children, and she spoke with Child 1 and Child 2 on a regular basis. The DSS caseworker and the Guardian ad Litem (GAL) testified Child 1 and Child 2 both loved Mother and did not want to be adopted. Additionally, both Child 1

---

[1] In addition to finding TPR was in the children's best interest, the family court found clear and convincing evidence showed Mother failed to remedy the conditions causing removal, and the children had been in foster care for fifteen of the most recent twenty-two months. Mother does not appeal these grounds, and we affirm them.

and Child 2 are older and have an established relationship with Mother. Thus, we find the children have a meaningful bond with Mother.

Although it is questionable whether reunification is likely based on Mother's inability to acquire adequate housing and financial stability, we find the children derive a benefit from visits with Mother. *See S.C. Dep't of Soc. Servs. v Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) (finding it was in the best interest of the children to reverse TPR and maintain the mother's parental rights so she could continue to visit the children while they remained in foster care receiving the services they needed). Additionally, both children expressed they loved Mother, missed her, and enjoyed visiting with her. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 330, 742 S.E.2d 697, 700 (Ct. App. 2013) (finding TPR was not in the child's best interest because undisputed evidence showed the child was bonded with his mother, the child was not a viable candidate for adoption, and no pre-adoptive home was identified for the child). We find both Child 1 and Child 2 had a bond with Mother, and we question whether it would benefit either child to terminate that bond when adoption does not seem to be a likely outcome.[2] *See S.C. Dep't of Soc. Servs. v. Williams*, 412 S.C. 458, 470-71,

---

[2] We acknowledge DSS does not have to identify an adoptive resource prior to TPR. *See id.* at 331, 742 S.E.2d at 701 (stating DSS does not have to "identify a pre-adoptive home prior to terminating parental rights"). However, under these facts, we find the likelihood of adoption is questionable for the children. At the time of the TPR hearing, Child 1 was sixteen and Child 2 was thirteen. Both children were autistic, which meant they would require a family that could give them extra support and services to support their condition. As for Child 1, he was initially placed in a group home, and within the last year he was moved to a foster home. The GAL stated Child 1's foster home currently was not an adoptive resource for Child 1. However, she hoped the family would reconsider if Child 1 became legally free for adoption. More concerning, however, was testimony indicating Child 1 did not want to be adopted. *Cf.* S.C. Code Ann. § 63-9-310(A)(1) (2010) (providing an adoptee over the age of fourteen must consent to the adoption unless "the court finds that the adoptee does not have the mental capacity to give consent, or that the best interests of the adoptee are served by not requiring consent"). As for Child 2, although DSS indicated it had identified an adoptive resource for Child 2, he was still in a group home at the time of the TPR hearing and had never expressed a desire to be adopted. Child 2 had been placed in the same group home since his removal in 2016 and was doing exceptionally well. Child 2 also expressed to the GAL he loved Mother and missed Child 1.

722 S.E.2d 279, 285-86 (Ct. App. 2015)(finding TPR was not in the child's best interest when the child had a meaningful bond with her mother and her biological maternal family, and maintaining that relationship would be beneficial to her).

Based on the foregoing, we reverse and remand for a permanency planning hearing pursuant to section 63-7-1700 of the South Carolina Code (Supp. 2019). A permanency planning hearing will allow all parties and the GAL an opportunity to update the family court on what has occurred since the TPR hearing. We make no finding as to whether reunification with Mother is in the children's best interest. We urge the family court to conduct a hearing as expeditiously as possible, including presentation of a new GAL report and an updated home evaluation of Mother's residence. If necessary, the family court may, *inter alia,* change custody, modify visitation, and approve a treatment plan offering additional services to Mother.

**REVERSED AND REMANDED.**[3]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.